UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 2:17-CR-17-TAV-CRW-1 |
| LUKE HAMILTON TRENT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motions for a sentence reduction under the First Step Act of 2018 [Doc. 230] and for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Doc. 242]. The government responded in opposition to defendant's First Step Act motion [Doc. 234] but has not responded to defendant's § 3582(c)(2) motion, and the response deadline has long expired. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, these matters are ripe for the Court's review.

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Another such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence

reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S. Sentencing Guidelines Manual § 1B1.10. The Court will first address defendant's motion for a sentence reduction under the First Step Act, and then turn to defendant's § 3582(c)(2) motion.

**First Step Act**

In his First Step Act motion, defendant simply states that he seeks a modification of his sentence "in accordance to 'First Step Act' A/K/A 'Criminal Reform Justice Act' that was passed as of recent" [Doc. 230, p. 1].

To the extent that defendant is seeking to file a motion under Section 404 of the First Step Act, the Court notes that defendant's offense of conviction is not a "covered offense" under Section 404, and therefore, defendant does not qualify for relief. If a court imposed a sentence for a "covered offense," as defined in Section 404(a) of the First Step Act, then, on the defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). Section 2 of the Fair Sentencing

2

Act amended the quantities of cocaine base, commonly known as crack cocaine, necessary to trigger certain mandatory minimum sentences under section 841(b)(1). Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple possession offenses under 21 U.S.C. § 844(a). *Id*., Pub. L. No. 111-220, § 3, 124 Stat. at 2372.

Here, defendant's offense of conviction is not a "covered offense." The record reflects that defendant was sentenced on April 13, 2018, to a term of 240 months' imprisonment based on his conviction for conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 851(a)(1) [Doc. 215]. First, the Fair Sentencing Act took effect on August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012). Because defendant was sentenced in 2018, long after the Fair Sentencing Act was in effect, it is clear that he was sentenced under the Fair Sentencing Act's amended statutory provisions. Second, although he was sentenced after the Fair Sentencing Act was in effect, his sentence was not impacted by the enactment of Sections 2 or 3 of the Fair Sentencing Act. Because defendant was not convicted under 21 U.S.C. § 844(a) for simple possession, Section 3 of the Fair Sentencing Act has no application. Additionally, because defendant was convicted for a methamphetamine offense, rather than a crack cocaine offense, Section 2 of the Fair Sentencing Act also had no application to defendant. Accordingly, to the extent that defendant seeks relief under Section 404 of the First Step Act, his offense of conviction is not a "covered offense," and therefore, he is not entitled to relief.

The Court notes that, at the time of defendant's sentencing on April 13, 2018, defendant was subjected to a mandatory minimum sentence of twenty (20) years under 21 U.S.C. § 841(b)(1)(A), based on one (1) prior felony drug conviction [Doc. 103, ¶ 1; Doc. 198, ¶ 83; Doc. 215].  Section 401 of the First Step Act, enacted December 21, 2018, reduced the mandatory minimum under Section 841(b)(1)(A) for defendants who had a prior conviction for a felony drug offense from twenty (20) years to fifteen (15) years.  First Step Act, Pub. L. No. 115-391, § 401(a)(2)(i), 132 Stat. 5194, 5220 (2018).  However, Section 401 specifies that the amendments made by that section apply to offenses committed before the enactment of the First Step Act only if a sentence for the offense has not been imposed as of the date of the law's enactment.  *Id.*, Pub. L. No. 115-391, § 401(c), 132 Stat. at 5221.  Accordingly, to the extent that defendant's motion is seeking a sentence reduction based on the First Step Act's lowering of the mandatory minimum applicable under Section 841(b)(1)(A) when the offense was committed after a prior conviction for a felony drug offense, defendant is not entitled to relief, as he was sentenced prior to the enactment of the First Step Act, and the plain language of the Act indicates that such reduction is not to be applied retroactively.

For these reasons, defendant is not entitled to a sentence reduction under the First Step Act.  Accordingly, his motion for a sentence reduction under the First Step Act of 2018 [Doc. 230] is **DENIED**.

**Section 3582(c)(2)**

In his section 3582(c)(2) motion, defendant states that he is eligible for a two (2) point reduction in his total offense level based on drug quantity [Doc. 242]. Defendant contends that he is eligible despite his Federal Rule of Criminal Procedure 11(c)(1)(C) agreed sentence, based on recent Supreme Court decisions [*Id.*].

Under Section 3582(c)(2), when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission, the Court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines for drug-trafficking offenses by reducing the offense levels assigned to the drug quantities described in Section 2D1.1 by two (2) levels. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to Section 2D1.11.

Here, defendant's guideline range was calculated under the 2016 Guidelines Manual [Doc. 198, ¶ 28], which incorporated the two-level reduction of Amendment 782. Accordingly, defendant's base offense level would remain 34, even if calculated under the current Sentencing Guidelines [*Id.*, ¶ 29]. *See* U.S.S.G. § 2D1.1(c)(3) (2018). Moreover, although defendant argues that he is entitled to a sentence reduction under Amendment 782, despite his Rule 11(c)(1)(C) plea agreement, the Court notes that the agreed upon

sentence in defendant's plea agreement constituted the mandatory minimum sentence [Doc. 103]. Because defendant was sentenced to the then-applicable mandatory minimum sentence of twenty (20) years, the Court cannot grant any sentence reduction based on any amendment to his advisory guideline range. For these reasons, defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Doc. 242] is **DENIED**.

## Conclusion

For all the reasons stated above, defendant's pro se motions for a sentence reduction under the First Step Act of 2018 [Doc. 230] and for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Doc. 242] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE